IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

NORMAN L. AGNEW,                §
(TDCJ No. 02172850),            §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION NO.4:17-CV-527-Y
                                §
ABE FACTOR and CAMPBELL, *et al.*,§
                                §
     Defendants.                §

             **OPINION and ORDER OF DISMISSAL**
           **UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Norman L. Agnew's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review and consideration of Plaintiff's claims, the Court determines that all claims must be dismissed under authority of these provisions.

**I.   BACKGROUND/PLEADING**

In this suit, after he initially filed several pleadings, plaintiff Agnew re-filed a form civil-rights complaint with attachment pages in accordance with this Court's order to incorporate all of his claims into one final amended complaint.(Final Am. Compl. (doc.34); Order Resolving Motions and Order for Plaintiff to File a Final Amended Complaint (doc. 30).) Thus, the live pleading subject to review is Agnew's form final amended civil-rights complaint with attachment pages.(Final Am. Compl. (Doc. 34).) The final amended complaint names as defendants

attorneys Abe Factor and Brian Eppes; Mansfield police officers Barry Moore, J.C. Moran, D. Burden, and all Mansfield officers involved; Sharen Wilson, district attorney, Tarrant County, Texas; and Scott Wisch, judge, 372nd Judicial District Court, Tarrant County, Texas.[1] (*Id.* (doc. 34) at 3, 15-25.)

Agnew complains of the actions of Mansfield police officers in arresting him and recites generally that he was the subject of racial profiling and was wrongfully arrested. (*Id.* (doc. 34) at 3.) Agnew acknowledges that he was initially arrested on an arrest-warrant affidavit for charges of injury to a child and assault on a family member. (*Id.* (doc. 34) at 15.) Agnew contends that the arrest warrant for the injury-to-a-child charge lacked probable cause, and he alleges the later indictment included insufficient information. (*Id.*) He alleges this resulted in his unlawful seizure in violation of the Fourth Amendment. (Id. (doc. 34) at 15-16.)

Although Agnew includes challenges to an "enclosed arrest affidavit," he did not include that document in the final amended complaint. Agnew did, however, file a copy of the "Arrest Warrant Affidavit" as an exhibit to a prior pleading, and the Court can

---

[1] Although Agnew initially listed Officer C. Stevens, Judge Bakkers, Tarrant County Assistant District Attorneys Pharra McDonald and Davye J. Esks, and Tarrant County, Texas, as defendants in the original complaint, he dropped his claims against these defendants in the final amended complaint. Agnew was previously informed that once he filed the final amended complaint, the Court would look only to that document with attachment pages in reviewing his claims. (Order (doc. 30).) The clerk of Court is directed to note on the docket that these defendants were removed from the suit by Agnew's filing of the final amended complaint.

2

thus review and take judicial notice of that copy previously filed in this case. (Am. Compl. (Doc. 25) at 5-7.) That document reveals that the affidavit was prepared by Officer Barry Moore based upon information provided in a written report by Officer J. C. Moran. (*Id.*). In support of a charge brought against Agnew for injury to a child in violation of Texas Penal Code § 22.04, the document recites that Agnew threw his eight year old daughter Jaya Agnew across the floor causing her back to hurt.(*Id.*) The document also sets forth facts in support of a separate misdemeanor charge of assault causing bodily injury/family violence for actions taken by Agnew against his wife Bridgette Agnew.(*Id.*) Detective Moore's narrative reveals that there was sufficient information to issue a warrant on each of these charges.(*Id.* at 7-9.)

In the final amended complaint, Agnew complains of the two officers' actions in preparing the affidavit and arrest warrant in response to contact from Agnew's wife.(Final Am. Compl (doc. 34) at 17-18.) Agnew contends that he was subjected to violations of his rights to due process of law, equal protection of law, and his right to "tell my side of the story" in violation of the First Amendment.(*Id.* at 18.) He also alleges that he was subjected to an illegal custodial interrogation in violation of *Miranda v. Arizona*, 396 U.S. 868 (1969), and was not afforded meaningful access to counsel during this investigation stage. (*Id.* at 19-20.) Agnew further contends that he was not given adequate notice of the

charges to adequately prepare his defense. (*Id.* at 21.)

Agnew also recites claims of an unlawful arrest procedure, apparently arising from officers' detention of him on charges that he was in violation of a protective order regarding his proximity to his wife's house. (Id. at 22.) He alleges the officers did not have reasonable cause to arrest him, but acknowledges that after his detention in the Mansfield jail for a few hours, he was charged with unlawful possession of a firearm by a felon in case number 1434387 and with theft of a firearm in case number 1434386. (*Id.* at 22-23.) With regard to these two charges, Agnew contends that the Mansfield police officers would not produce evidence to him and later destroyed evidence. (*Id.* at 24.) Agnew claims that his arrest on these two charges was also not supported by a sufficient arrest warrant in that probable cause was lacking. (*Id.* at 24.)

Agnew seeks relief in this civil suit under 42 U.S.C. § 1983 in the form of a finding by this Court that he was wrongfully convicted and subjected to wrongful enhancements to his charges, along with monetary damages from his attorneys and from the officers he alleges violated his constitutional rights. (*Id.* at 4, 25.)

## II. RELATED CIVIL SUITS

Relevant to the Court's review of this civil-rights case is the fact that Agnew also filed a petition for writ of habeas corpus

under 28 U.S.C. § 2241 in this district, challenging the convictions that arose out of the same conduct made the basis of this civil suit. *See Agnew v. Waybourn,* No. 4:17-CV-793-Y (N.D. Tex. Aug. 9, 2018 Order and Judgment). This Court takes judicial notice of its own records in this habeas-corpus case. See Fed. R. Evid. 201(b)(2) and (c)(1).

At the time of the entry of judgment in that case, this Court determined that Agnew's pre-trial claims brought under § 2241 were moot because he had by then pleaded guilty to and was convicted of four felony charges (injury to a child, theft of a firearm, unlawful possession of a firearm by a felon, and bail jumping), and one misdemeanor charge (assault causing bodily injury to a family member).(Mot. Dismiss, *Agnew v. Waybourn,* No. 4:17-CV-793-Y (doc. 8) Exs. at 8, 21, 34, 47, 60). Records before the Court in that proceeding revealed that on December 11, 2017, Agnew pleaded guilty to these charges and was sentenced to a fifteen-year term of confinement for each felony charge, and to one hundred and eighty days for the misdemeanor charge. (Mot. Dismiss, *Agnew v. Waybourn,* No. 4:17-CV-793-Y (doc. 8) Exs. at 8–11, 21–24, 34–37, 47–50, 61–63).

Closer review of the records of Agnew's convictions in that case show that they are the exact same charges he complains of in this civil-rights case. In this regard the Court notes: case number 1429034D is the judgment of conviction for injury to a child

causing bodily injury in violation of Penal Code § 22.04(f) for Agnew's actions against daughter Jaya Agnew; case number 1433452D is the judgment of conviction for assault causing bodily injury to a family member in violation of Penal Code § 22.01(a)(1) for Agnew's actions against wife Bridgette Agnew; case number 1434386D is the judgment of conviction for theft of a firearm in violation of Penal Code § 31.03(e)(4)(C); case number 1434387D is the judgment of conviction for unlawful possession of a firearm by a felon in violation of Penal Code § 46.04(a); and case number 1475324D is the judgment of conviction for bail jumping in violation of Penal Code § 38.10(f).[2] (*Id.*)

**III. SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

Because Agnew is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2)(B). Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

---

[2] Agnew does not raise any challenge in this case related to the bail-jumping conviction.

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**IV. ANALYSIS**

**(A) Claim Barred by Absolute Immunity**

(1) Judicial Immunity

With regard to Agnew's claims against Scott Wisch, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because any complained-of conduct by Judge Wisch was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 372nd Judicial District Court, Judge Wisch is entitled to absolute immunity from any monetary-damages claims, and such claims will be dismissed.

(2) Prosecutorial Immunity

Agnew asserts a claim against Tarrant County District Attorney Sharen Wilson.(Final Am. Compl. (doc. 34) at 3.) Agnew brings a claim against Wilson for "wrongful enhancement, which I am sending evidence of, the wrongful enhancement I was done [sic]." But Wilson is entitled to absolute immunity for any claims for monetary damages asserted by Agnew. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of the prosecutors' role as an advocate for the government are cloaked

8

in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n. 33. Here, even assuming Agnew's allegations against Sharen Wilson are true, she would have taken such action in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Wilson is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

**(B) No Color of Law**

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements:(1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Agnew's allegations against two different attorneys, Abe Factor and Brian Eppes, Agnew has failed to satisfy the second element. Agnew has failed to show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the

9

client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Agnew has made no allegation that these attorneys took action on behalf of the government, or that they took action in concert or conspiracy with a government official to violate his constitutional rights. Agnew cannot show that his attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against the attorney defendants must be dismissed.

**(C) Limitation Upon Claims for Compensatory Damages under 42 U.S.C. § 1997e(e)**

As noted above, as a part of his request for relief from this Court, Agnew seeks compensatory monetary damages. (Final Am. Compl. (Doc. 34) at 4.) With the enactment of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C.A. § 1997e(e) (West Supp. 2018). This physical-injury requirement has long been recognized as applying to claims under

the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). Another district court has applied the language of *Geiger* to hold that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e). *See Rogers v. Newman*, No.5:04-CV-193-DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

A review of the allegations in Agnew's final amended complaint shows that he has not asserted any claim of physical injury. Applying the above referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Agnew, his failure to allege physical injury bars any claims for compensatory monetary damages.

**(D) Application of *Heck v. Humphrey***

With regard to the claims against the unnamed Mansfield police officers, and as to named Mansfield Officers Moore, Moran and Burden, and as an alternative ground for dismissal of the claims against the defendants already dismissed, the Court considers application of the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the *Heck* case, the Supreme Court held that when a successful civil-rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."

*Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. 2004) (citation omitted). Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Agnew claims in this federal civil suit that the officers violated his rights under the Fourth Amendment by arresting him without probable cause; he also claims violations of due process of law by several defendants; he claims that evidence was withheld or destroyed; he claims that his right to equal protection under law was violated by racial profiling; he claims his rights under the First Amendment were violated when he was detained against his will; he claims that his rights under *Miranda v. Arizona* were violated; and relatedly, he claims denial of access to counsel during his arrest and investigation. (Final Am. Compl. (doc. 34) at

15-25.) A favorable ruling on such claims in this Court would necessarily imply the invalidity of his convictions in the state criminal cases. *See e.g., Conlan v. King,* 682 F. App'x 345, 345–46 (5th Cir. 2017)(claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Goldston v. City of Monroe*, 621 F. App'x 274, 278 (5th Cir. 2015)(concluding that claim that arrest warrant lacked probable cause was barred by *Heck* because any showing of a lack of probable cause is in essence a collateral attack on the conviction); *Legate v. Garcia*, 582 F. App'x 287, 288 (5th Cir. 2014)("[A]ny claim that Legate was wrongly convicted based on due[-]process violations at trial would necessarily imply that his conviction is invalid")(citations omitted)); *Villegas v. Galloway,* 458 F. App'x 334, 337 (5th Cir. 2012)(civil-rights claims such as ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence, barred by *Heck*); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004)(inmate's claims that defendants violated her right to due process by concealing or tampering with evidence, prosecuted her based on false evidence and presented false evidence challenged validity of conviction and thus were barred by *Heck*); *Taylor v. Stadler*, 193 F.3d 518, 1999 WL 707855, at *1 (5th Cir. 1999)(affirming dismissal of complaint challenging a state-court conviction and including challenge to the validity of the indictment as barred by *Heck*)(unpublished); *Roberts*

*v. Jack*, No. 3:14-CV-826-FKB, 2016 WL 4136490, at *2 (S.D. Miss. Aug. 3, 2016)(claim related to *Miranda* warnings barred by *Heck*)(citation omitted); *Johnson v. Merchant*, No. 4:08-CV-028, 2009 WL 4592488, at *1 (N.D. Miss. Dec. 1, 2009)(holding that claim that arrest was retaliation for exercise of First Amendment right barred by *Heck*); *Evans v. Mendoza*, No.4:05-CV-759-Y, 2006 WL 3438627, at *2 (N.D. Tex. Nov. 14, 2006)(Means,J.)(claims challenging unlawful seizure of evidence later used in prosecution of plaintiff not cognizable under *Heck*); *Azor v. City of New York*, No.08-CV-4473(RJD)(LB), 2012 WL 1117256 at *3 (E.D. N.Y. Mar. 30, 2012)(finding Fourteenth Amendment Equal Protection claim based upon racial profiling barred under *Heck*).

Agnew has not shown that his convictions have been reversed or set aside in any of the manners listed in *Heck*. As noted above, a review of the state-court records provided in Agnew's prior suit seeking relief under § 2241, as well as that suit itself, reveals that Agnew pleaded guilty to and was convicted on the four charges—injury to a child causing bodily injury (case 1429034D), assault causing bodily injury to a family member(case 1433452D), theft of a firearm (case 1434386D), and unlawful possession of a firearm by a felon (case 1434387D)—to which he raises constitutional challenges in this case.(Mot. Dismiss, *Agnew v. Waybourn,* No. 4:17-CV-793-Y (doc. 8) Exs. at 8, 21, 34, 47, 60).

Review of additional records shows that Agnew has not yet

15

obtained any relief from any of these convictions in the manner required by *Heck*. Although he filed direct appeals to the Court of Appeals of Texas, Second District, those appeals are still pending, and the court of appeals issued a notice to the parties regarding lack of jurisdiction. See http://search.txcourts.gov/Case.aspx?cn= 02-19-132-CR, 133-CR, 134-CR, and 135-CR&coa=coa02. Likewise, although Agnew recently filed a state application for writ of habeas corpus, that application was denied without written order on April 3, 2019. *Ex parte Agnew*, No. WR-89,622-01. See http://search.txcourts.gov/Case.aspx?cn=WR-89,622-01&coa=coscca. And although Agnew has filed another petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging these same convictions in this district, that § 2254 petition remains pending, and Agnew has not obtained relief. *See Agnew v. Davis*, No.4:18-CV-604-O (N.D. Texas)(docs. 1 and 12.)

As Agnew has not shown that the four convictions to which he asserts constitutional challenges in this proceeding have been invalidated under *Heck*, his claims under § 1983, whether they be for monetary damages, injunctive relief, or for declaratory relief, are not cognizable at this time and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger*, 312 F. App'x. at 625. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**V.    CONCLUSION and ORDER**

For the foregoing reasons, all of Agnew's claims against Abe Factor and Brian Eppes, and his claims against all defendants for compensatory monetary damages, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Agnew's claims for monetary damages against Scott Wisch and Sharen Wilson are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). And Agnew's claims against Officers Barry Moore, J.C. Moran, D. Burden, etc. and the unnamed Mansfield police officers, and alternatively as to Agnew's remaining claims, are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met,[3] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

SIGNED July 9, 2019.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

---

*See Johnson*, 101 F.3d at 424.